Docket No. 23-13029

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

RAMONA THURMAN BIVINS,

*Plaintiff-Appellee,*

*v.*

GAIL HAMBRICK, in her individual capacity

*Defendant-Appellant.*

---

On appeal from the United States District Court
for the Northern District of Georgia

Civil Action File No. 1:22-cv-4149-WMR

---

## APPELLANT'S REPLY BRIEF

---

Jack R. Hancock
Ali Sabzevari
John D. Bennett
Kirsten S. Daughdril
P. Michael Freed
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(770) 818-0000

*Attorneys for Appellant*

## CORPORATE DISCLOSURE

The following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Anderson, Alieka – Defendant (in her individual capacity)

2. Bennett, John D. – Counsel for Appellant

3. Bivins, Ramona – Appellee

4. Buckley, Edward D. – Counsel for Appellee

5. Clayton County, Georgia – Defendant

6. Daughdril, Kirsten S. – Counsel for Appellant

7. Franklin, Felicia – Defendant (in her individual capacity)

8. Freed, P. Michael – Counsel for Appellant

9. Freeman Mathis & Gary, LLP – Counsel for Appellant

10. Hambrick, Gail – Appellant (in her individual capacity)

11. Hancock, Jack R. – Counsel for Appellant

12. Pontrelli, P. Jay – Counsel for Appellee

13.    Ray, II, Honorable William M. – District Court Judge,

U.S. District Court for the Northern District of Georgia

14.    Sabzevari, Arash Ali – Counsel for Appellant

15.    Tate, Andrew R. – Counsel for Appellee

# TABLE OF CONTENTS

**Table of Contents**..................................................................... i

**Table of Authorities**.............................................................. ii

**Introduction**..........................................................................1

**Argument** .............................................................................3

   I.   Bivins shows no legal support for the District Court's holding that she sufficiently pleaded a claim against Hambrick based on her allegations against the other Commissioners. ...............................3

   II.  Bivins misapplies the standards governing Hambrick's motion to dismiss. ......................................................................... 10

       A.   Bivins stretches the plausibility standard too far............... 10

       B.   Bivins conflates her evidentiary burden with her pleading burden.................................................................... 14

   III. Bivins fails to meet her burden of defeating Hambrick's right to qualified immunity........................................................ 17

**Conclusion**.........................................................................**21**

# TABLE OF AUTHORITIES

## Cases

*Abella v. Simon*, 482 Fed. Appx. 522 (11th Cir. 2012) ......................9, 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................... passim

*Campbell v. Rainbow City, Ala.*, 434 F.3d 1306 (11th Cir. 2006) .............7

*Chesser v. Sparks*, 248 F.3d 1117 (2001) ...............................................20

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997).....17

*Echols v. Lawton*, 913 F.3d 1313 (11th Cir. 2019)..................................17

*Franklin v. Curry*, 738 F.3d 1246 (11th Cir. 2013) ...............................11

*Gaines v. Wardynski*, 871 F.3d 1203 (11th Cir. 2017)......................18, 19

*Kaylor v. Fields*, 881 F.3d 1177 (8th Cir. 1981).....................................17

*Keating v. City of Miami*, 598 F.3d 753 (11th Cir. 2010) ..................8, 17

*Lawson v. Curry*, 244 Fed. Appx. 986 (11th Cir. 2007) .........................18

*Leslie v. Hancock County Bd. of Educ.*, 720 F.3d 1338 (11th Cir. 2013) ................................................................................................................16, 17

*Mason v. Village of El Portal,* 240 F.3d 1337 (11th Cir.2001)..................7

*Matthews v. Columbia County,* 294 F.3d 1294 (11th Cir. 2002) ........7, 12

*McCabe v. Sharrett*, 12 F.3d 1558 (11th Cir. 1994)................................18

*Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739 (11th Cir. 1995) .........18

*Muldrow v. Davis*, 433 Fed. Appx. 888 (11th Cir. 2011) ...................9, 16

*Pearson v. Callahan*, 555 U.S. 223 (2009) .............................................17

*Robinson v. Arrugueta*, 415 F.3d 1252 (11th Cir. 2005)........................18

*Shahar v. Bowers*, 114 F.3d 1097 (11th Cir. 1997).................................18

*St. George v. Pinellas Cnty.*, 285 F.3d 1334 (11th Cir. 2002) ................15

*Starling v. Board of County Commissioners*, 602 F3d 1257 (11th Cir. 2010)..................................................................................................... 19

*Thomas v. Lawrence*, 421 Fed. Appx. 926 (11th Cir. 2011)...............9, 16

## INTRODUCTION

The District Court held that Appellee sufficiently pleaded a First Amendment retaliation claim against Appellant Gail Hambrick. Its holding required the District Court to impute onto Hambrick the allegations against her co-defendants supporting the claim that *they* acted with an unconstitutional motive. This appeal revolves around the legality of that approach. Yet Appellee never engages with that issue. Instead, she parrots the District Court's reasoning without showing that the law allows it. Precedent holds that it does not. The District Court's holding, thus, should be reversed.

Appellee Romona Bivins claims to be the victim of Clayton County politics. She accuses three County Commissioners, including Hambrick, of colluding to form a Board majority that voted to terminate her employment contract as the County's Chief Financial Officer. They did so, Bivins contends, to retaliate against her for her husband's open support for Commissioner DeMont Davis's reelection. But unlike the other two members of the Board majority that ousted her, Bivins never

1

alleges that Hambrick supported Davis's opponent.[1] In other words, Bivins failed to plead that Hambrick's vote was politically motivated. Without that foundational assertion, Bivins neglects to allege facts showing that Hambrick had an unconstitutional motive in voting to terminate her employment.

Even so, Bivins persuaded the District Court to save her § 1983 claim against Hambrick from dismissal by stitching together vague, disparate factual allegations against Hambrick with more specific allegations about the other two Commissioners—Alieka Anderson and Felicia Franklin. Put differently, the viability of her claim against Hambrick requires the imputation of Anderson and Franklin's purported actions and political motivations onto Hambrick. The District

---

[1] Bivins misstates her own allegations in her appellate brief. She states that "Bivins plausibly alleged that Hambrick, along with Anderson and Franklin, possessed an illicit motive to retaliate against her because she was married to an individual who had actively engaged in political speech and conduct with which *Hambrick*, and her two collaborators, *strongly disagreed*." (Appellee's Br. at 17) (emphasis added). But her complaint contains no allegation that Hambrick disagreed with Mr. Bivins's political speech. She similarly asserts that she "has alleged that Hambrick *harbored ill will* toward her Mr. Bivins [sic]." (*Id.* at 31) (emphasis added). Again, no such allegation can be found in her complaint. As evidence, Bivins provided no citation to her complaint in support of either contention.

Court went along with that notion. Bivins now asks this Court to ignore its own precedent and do the same.

## ARGUMENT

### I.   Bivins shows no legal support for the District Court's holding that she sufficiently pleaded a claim against Hambrick based on her allegations against the other Commissioners.

Bivins ignores the foundational issue before this Court—can she sustain her claim against Hambrick by imputing her allegations against the other two Commissioners? The District Court implicitly held that she could. Precedent says otherwise. And Bivins chose to disregard the issue altogether.

A simple comparison of Bivins's well-pleaded allegations against Hambrick with those against Anderson and Franklin demonstrates the flaw in the District Court's holding. Bivins levies these allegations against Hambrick to support her claim that Hambrick retaliated against her for Mr. Bivins's support of Davis's reelection campaign:

- Hambrick knew that Bivins was married to Charlton Bivins. (Doc. 1, ¶22.)

- Hambrick knew Mr. Bivins openly supported and campaigned for Commissioner Davis's reelection. (*Id.*, ¶24)

- Hambrick voted to terminate Bivins's employment contract and declare it *ultra vires*. (*Id.*, ¶¶40-41.)

- Hambrick never explained her votes. (*Id.*, ¶¶44, 46, 49.)

There can be little doubt that these allegations alone are not enough to state a First Amendment retaliation claim against Hambrick. The gravamen of Bivins's suit is that the three Commissioners who voted to terminate her employment were *politically* motivated. They retaliated against Bivins because of her husband's *political* support of Commissioner Davis. Bivins supports that notion with allegations that Franklin and Anderson supported Scott's campaign to unseat Davis. But she never alleges the same as to Hambrick. *So her complaint lacks the foundational allegation against Hambrick to raise even the inference of a retaliatory motive*. That alone is enough to reverse the District Court's order.

Bivins essentially posits that Hambrick's knowledge of Mr. Bivins's preferred political candidate, plus her lack of explanation for her vote, is enough to allege an unconstitutional retaliatory motive. By her reasoning, any individual board member sitting on a commission or council would violate the First Amendment by taking an adverse

4

employment action against a public employee based merely on her knowledge of the employee's spouse's political speech, and regardless of whether the board member disagrees with that speech. Bivins points to no authority clearly establishing that result.

The District Court recognized that Bivins's specific allegations against Hambrick were not enough. (Doc. 61 at 15) ("While Plaintiff does not directly allege statements or actions taken by Defendant Hambrick that demonstrate that Hambrick took these actions because of Plaintiff's association with her husband, taking Plaintiff's allegations as true, Plaintiff has still plead enough facts from which a reasonable fact finder could infer that Hambrick had a political motivation to take adverse employment actions against Plaintiff."); (*id.* at 16) ("The Court acknowledges that Plaintiff's pleadings are weakest against Defendant Hambrick.").  So it relied on the allegations against Franklin and Anderson to conclude that Bivins sufficiently pleaded her claim against Hambrick. (*Id.* at 14) ("Plaintiff further pleads that the other individual Defendants in this action openly supported Commissioner Davis's political opponent in the upcoming election."); (*id.* at 14-15) ("Lastly, Plaintiff pleads that the individual Defendants demonstrated that they

5

were looking for means to take actions against her because Defendant

Anderson told another Clayton County employee '[w]e're only going

after Ramona.'"); (*Id.* at 16) ("Plaintiff has pointed to statements by one

named Defendant that suggest that multiple members of the Clayton

County government were 'going after' the Plaintiff.") Those allegations

are more specific and many:

- Anderson and Franklin knew that Bivins was married to
  Charlton Bivins. (Doc. 1, ¶22.)

- Anderson and Franklin knew Mr. Bivins openly supported
  and campaigned for Commissioner Davis's reelection. (*Id.*,
  ¶24)

- Anderson and Franklin openly supported Scott's campaign
  for Davis's Commission seat. (Doc. 1, ¶ 25.)

- Franklin reported the incident involving the alleged theft of
  Davis's campaign signs to the local newspaper. (*Id.*, ¶28.)

- Franklin told Anderson, "It's going to be a good night
  tonight," as they walked into the Board meeting where
  Bivins's employment was terminated. (*Id.*, at ¶38.)

- Franklin and Anderson voted to terminate Bivins's employment contract and declare it *ultra vires*. (*Id.*, ¶¶40-41.)

- Franklin and Anderson never explained their votes. (*Id.*, ¶¶44, 46, 49.)

- Franklin and Anderson "expressed glee" at Bivins's termination after the meeting. (*Id.* ¶48.)

- Franklin purportedly told Anderson, "I can sleep good tonight," to which Anderson responded, "Do I need to get us a bottle?" (*Id.*, ¶48.)

- Anderson told another County employee that "we're only going after" Bivins. (*Id.*, ¶ 76.)

In her brief, Hambrick showed that the District Court erred by assigning these allegations against Anderson and Franklin to Hambrick. She cited several cases in support. (Appellant's Br. at 20-24) (citing *Matthews v. Columbia County*, 294 F.3d 1294 (11th Cir. 2002); *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1312-13 (11th Cir. 2006); *Mason v. Village of El Portal,* 240 F.3d 1337, 1339 (11th Cir.2001); *Dixon v. Burke County, Ga.*, 303 F.3d 1271 (11th Cir. 2002)).

7

Bivins distinguishes those cases on procedural grounds—none of them were decided on a motion to dismiss. (Appellee's Br. at 24-26.) But she avoids their substantive significance.

*Matthews*, *Dixon*, *Campbell*, and *Mason* establish that one legislative body member's unconstitutional motives cannot be attributed to another member. (Appellant's Br. at 20-24.) They align with the rule that "a plaintiff must plead that *each* Government-official defendant, *through the official's own individual actions*, has violated the Constitution" to survive a motion to dismiss a § 1983 claim. *Keating v. City of Miami*, 598 F.3d 753, 769 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (emphasis added). Collectively, these cases create the substantive framework within which the sufficiency of Bivins's pleading must be determined; that is, her allegations against Anderson and Franklin cannot be considered in determining whether she sufficiently pleaded a claim against Hambrick. For these reasons, the fact that the cases Hambrick relies on were not decided on a motion to dismiss is immaterial. None of them ameliorate Bivins's pleading burden or hold that a First Amendment retaliation claim cannot be dismissed if not sufficiently pleaded. This Court's prior decisions show

8

they can be. *See, e.g.*, *Abella v. Simon*, 482 Fed. Appx. 522, 523-24 (11th Cir. 2012) (per curiam) (unpublished) (holding that three police officers were entitled to dismissal of retaliation claim because plaintiff's complaint did not sufficiently allege that the officers' acts were motivated by an unconstitutional purpose); *Muldrow v. Davis*, 433 Fed. Appx. 888, 890 (11th Cir. 2011) (per curiam) (unpublished) (reversing denial of a motion to dismiss retaliation claim because plaintiff failed to sufficiently allege that defendant acted with a discriminatory motive); *Thomas v. Lawrence*, 421 Fed. Appx. 926, 929 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of retaliation claim against five correctional officers based on the lack of allegations suggesting that they had a reason to retaliate against plaintiff).

After eliminating the allegations against Anderson and Franklin, Bivins is left with her barebones assertions that Hambrick knew that Mr. Bivins campaigned for Commissioner Davis and never explained her vote to terminate Bivins's employment. *C.f.*, *Iqbal*, 556 U.S. at 679-81 (emphasizing that a district court deciding a motion to dismiss must first "weed out" the allegations not entitled to the assumption of truth and then determine whether the remaining allegations sufficiently state

9

a claim.). Bivins points to no authority clearly establishing a First

Amendment violation based on these sparse allegations.

## II.    Bivins misapplies the standards governing Hambrick's motion to dismiss.

### A.    Bivins stretches the plausibility standard too far.

Bivins builds her response on the "facial plausibility" standard.

*See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face.") (internal quotations omitted). She

repeatedly urges that she alleged facts against Hambrick that

"plausibly infer" or "suggest" that Hambrick violated her First

Amendment rights. In that sense, Bivins acknowledges *Iqbal* and

*Twobly's* pleading standards. But she fails to apply them correctly.

"Facial plausibility" requires "more than a sheer possibility that a

defendant acted unlawfully." *Iqbal*, 556 U.S. at 678. "Naked assertions

devoid of further factual enhancement" are not enough. *Id.* (cleaned up).

"Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." *Id.* (internal quotations omitted).

Bivins's factual assertions against Hambrick fall short of that line.

Under these standards, Bivins's conclusory allegations that Hambrick voted to terminate her employment based on an unconstitutional retaliatory motive carry no weight.[2] *See Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that plaintiff's repeated allegations "were deliberately indifferent or their actions constituted or resulted in deliberate indifference carry no weight" under *Iqbal's* standard). What she is left with are allegations that are merely consistent with potential liability. Put differently, they create no more than the possibility that Hambrick acted with an unconstitutional motive. Bivins's repeated declarations that her allegations crossed the threshold into facial plausibility do not make it so.

As a prime example, Bivins spotlights Hambrick's choice not to explain the reasons for her vote. She goes so far as to label that fact as "a most compelling incriminating fact allegation on the issue whether

---

[2] *See, e.g.*, (Doc. 1,¶52) ("The County, through Anderson, Franklin, and Hambrick, was motivated to terminate Ms. Bivins because she is married to Mr. Bivins and because Mr. Bivins and Ms. Bivins supported Commissioner Davis' election campaign."); (*id.*, ¶59) ("Clayton County, led by Commissioners Anderson, Franklin, and Hambrick, voted to strip Chairman Turner of significant responsibilities as Chairman of the Board as retribution for speaking out against the politically motivated termination Ms. Bivins.").

11

she harbored illegal motive" that "*alone* creates all the necessary inferences for the Complaint to survive Hambrick's motion to dismiss." (Appellee's Br. at 33, n.10) (emphasis added). Despite making it a centerpiece of her brief, Bivins provides no legal support for that position. None exists. So Bivins's contention that Hambrick's alleged silence somehow infers an unconstitutional motive assumes an obligation (to publicly explain her votes) where there is none. Moreover, this Court's opinion in *Matthews* undermines the notion that Hambrick's choice to not explain her votes can be twisted into an admission of a retaliatory motive:

> Lawmakers' support for legislation can come from a variety of sources; one commissioner may support a particular piece of legislation for a blatantly unconstitutional reason, while another may support the same legislation for perfectly legitimate reasons. A well-intentioned lawmaker who votes for the legislation—even when he votes in the knowledge that others are voting for it for an unconstitutional reason and even when his unconstitutionally motivated colleague influences his vote—does not automatically ratify or endorse the unconstitutional motive.

294 F.3d at 1298.

Bivins's emphasis on Hambrick's alleged silence exemplifies the shortcomings in her pleading and arguments in its support. Giving

12

Bivins every benefit of the doubt, her allegation *might* be consistent with an improper motive. But in the absence of any other allegation, it does not rise to the level of facial plausibility; it does not create a *reasonable* inference that Hambrick was retaliating against Bivins for Mr. Bivins's political activities. *See Iqbal*, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Bivins's failure to allege that Hambrick disagreed with Mr. Bivins's political speech (that she supported Scott's candidacy for Commissioner Davis's seat) buttresses the unreasonableness of any such inference. Overlaying these pleading inadequacies is *Matthew's* recognition that Anderson and Franklin's unconstitutional motivation—if true—cannot automatically be pinned on Hambrick *even if Hambrick knew their motivation*.

Bivins asks this Court to make the same illogical leap used by the District Court:

(1)    Hambrick knew that Mr. Bivins supported Commissioner Davis's campaign;

13

(2)    Anderson and Franklin supported Davis's opponent (but, again, Bivins does not allege that Hambrick supported Scott's campaign) and took other actions arguably suggesting an unconstitutional motive;

(3)    Hambrick joined Anderson and Franklin in voting to terminate Bivins's employment;

(4)    Hambrick did not explain her vote;

(5)    So Hambrick can be inferred to have voted in retaliation against Bivins for Mr. Bivins's political activities.

That result cannot hold under *Iqbal* and the substantive standards for relation claims.

## B.    Bivins conflates her evidentiary burden with her pleading burden.

Bivins assumes a right to survive Hambrick's motion to dismiss based her purported need to discovery to gather evidence to prove Hambrick's unconstitutional motive. (Appellee's Br. at 24) ("Bivins must be afforded the opportunity through the discovery process to develop evidence of Hambrick's motives and subjective intent."); (*id.* at 26) ("Bivins ultimately will need *to show through evidence* that there is a genuine dispute of material fact regarding each of the individual

defendant's motives. Only evidence developed through the discovery will establish whether Hambrick, Anderson and/or Franklin possessed a retaliatory and illicit motive on June 7, 2022, and thereafter."); (*id.*) ("Bivins must be afforded the opportunity to conduct full discovery to determine if Hambrick's motivation in voting to terminate her was to infringe on Ms. Bivins' right of intimate association (*i.e.,* marriage)."); (*id.*) ("Time will tell if Bivins can discover evidence sufficient to prove that Hambrick possessed an unconstitutional motive."); (*see also id.* at 21, n.6) ("Bivins is entitled to discovery and the opportunity to respond to a summary judgment motion."). The District Court assumed the same. Bivins quotes its order in support of her misguided position that she is automatically entitled to discovery:

> If it were enough for a defendant to file a motion to dismiss and state, 'I did not have an unlawful motivation,' causes of action for retaliation would cease to exist. Without the power of discovery, plaintiffs would almost never have the ability to determine the motivations of opposing parties.

(Appellee's Br. at 27) (quoting Doc. 61 at 16.)

The flaw in this reasoning is that Hambrick's ultimate liability based on the actual facts is irrelevant to the motion to dismiss. *C.f.*, *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) ("While

15

there may be a dispute as to whether the alleged facts are the actual facts, in reviewing the grant of a motion to dismiss, we are required to accept the allegations in the complaint as true."). Hambrick's motion is not based on whether she was *actually* motivated by unconstitutional reasons. Contrary to the District Court's order, Hambrick has not asserted "I did not have an unlawful motive" in support of her motion. Neither the District Court nor Bivins has pointed to any such assertion. Instead, Hambrick's motion asserts that Bivins failed to *sufficiently plead* an unlawful motive.

Implicit in Bivins's argument is that a First Amendment retaliation plaintiff has an automatic right to discovery regardless of the sufficiency of their complaint. Of course, that is not the law. See *Leslie v. Hancock County Bd. of Educ.*, 720 F.3d 1338, 1343–44 (11th Cir. 2013) ("A motion to dismiss a complaint on qualified immunity grounds will be granted if the complaint fails to allege the violation of a clearly established constitutional right."); *see also Abella*, 482 Fed. Appx. at 523-24 (holding that retaliation claim should be dismissed because it was insufficiently pleaded); *Muldrow*, 433 Fed. Appx. at 890 (same); *Thomas*, 421 Fed. Appx. at 929 (same). The mere filing of a

16

complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678. Discovery "is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added) (quoting *Kaylor v. Fields*, 881 F.3d 1177, 1184 (8th Cir. 1981)). Instead, discovery "follow[s] the filing of a *well-pleaded* complaint." *Id.*

Bivins's position that she has a right to discovery to determine Hambrick's liability contradicts these principles. Her entitlement to discovery rests on her sufficiently pleading her claim. She has failed to clear that threshold hurdle.

## III. Bivins fails to meet her burden of defeating Hambrick's right to qualified immunity.

As Bivins recognizes, Hambrick is entitled to qualified immunity unless she violated Bivins's clearly established First Amendment rights. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019). Qualified immunity is intertwined with Rule 12(b)(6)'s standard when asserted on a motion to dismiss. *Keating*, 598 F.3d at 760; *Leslie*, 720 F.3d at 1343-44.

17

As explained above and in Hambrick's initial brief, Bivins failed to allege facts that, if true, would prove that Hambrick violated her First Amendment right to intimate association. That renders the "clearly established" inquiry unnecessary. *See Robinson v. Arrugueta*, 415 F.3d 1252, 1255 (11th Cir. 2005) ("If the conduct did not violate a constitutional right, the [qualified immunity] inquiry ends there.").

Even so, Hambrick explained in her brief that the cases the District Court cited as clearly establishing a violation are materially distinguishable. (Appellant's Br. at 29-34) (discussing *McCabe v. Sharrett*, 12 F.3d 1558 (11th Cir. 1994); *Shahar v. Bowers*, 114 F.3d 1097 (11th Cir. 1997); *Lawson v. Curry*, 244 Fed. Appx. 986 (11th Cir. 2007); and *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 745 (11th Cir. 1995)). In response, Bivins begins by endorsing *Gaines v. Wardynski's* framework for determining whether a public official violates a public employee's clearly established right to intimate association. (Appellee's Br. at 37-38) (citing 871 F.3d 1203, 1213 (11th Cir. 2017)). But she distinguishes *Gaines's* facts to avoid its holding. In *Gaines*, this Court granted qualified immunity to a school superintendent who allegedly denied a promotion to a teacher because

18

of her father's public criticism of the superintendent.[3] 871 F.3d at 1207. Finding no prior case with similar facts, the Court held that the superintendent did not violate clearly established law. *Id.* at 1213-14.

Bivins tries to distance *Gaines* from the facts here "because of the fundamental difference in the nature of the intimate association: husband-wife rather than child-parent." (Appellant's Br. at 38.) But she never explains why that difference matters. Instead, she relies on the *Gaines'* Court's distinguishing the facts in *McCabe*, *Shahar*, and *Starling v. Board of County Commissioners*, 602 F3d 1257 (11th Cir. 2010)[4]. (Appellee's Br. at 38-39) (citing *Gaines*, 871 F.3d at 1213.) That those cases involved facts different from the facts in *Gaines* does not mean they clearly establish a violation here. Moreover, Hambrick showed in her initial brief that neither *McCabe* nor *Shahar* clearly establish a First Amendment violation by Hambrick.

---

[3] The teacher did not allege that the superintendent shared her father's criticisms. *Id.* That parallels Bivins's lack of any allegation that Hambrick shared Anderson and Franklin's endorsement of Scott's campaign for Commissioner Davis's seat.

[4] The Court in *Sterling* affirmed summary judgment for a fire department official who demoted a firefighter because of an extramarital affair with a subordinate. *Id.* at 1258-59.

19

From there, Bivins points to several cases for the broad proposition that the right to intimate association and marriage are clearly established. (Appellee's Br. at 40-42.) But she omits any substantive discussion of those cases and how their facts and holdings clearly establish the law here. And her espousing of those broad principles violates the *Gaines* framework she at first endorsed.

Bivens concludes by distinguishing *Chesser v. Sparks*, 248 F.3d 1117 (2001). (Appellee's Br. at 44.). There, the Court reversed the denial of a motion to dismiss a First Amendment retaliation claim alleging that a public employee was fired because of her association with her husband, the "political enemy" of the county commissioner. *Id.* at 1120. The Court based that holding on the allegation that plaintiff's employment was terminated for insubordination rather than her marriage. *Id.* at 1124-25. On that basis, Bivins is correct that *Chesser* is distinguishable, at least at this stage in the case. Hambrick has never contended otherwise. But Hambrick does not have the burden of proving that her actions *did not* violate clearly established law. Rather, Bivins must prove that the allegations in her complaint, if true, show that Hambrick *did* violate clearly established law. She has not done so.

20

In any event, the Court should disregard Bivins's discussion of *Chesser* to the extent it implies the reversal of the burden of proof on qualified immunity.

## CONCLUSION

For these reasons, Hambrick asks this Court to reverse the district court's denial of qualified immunity.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ P. Michael Freed*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
kirsten.daughdril@fmglaw.com
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com

*Counsel for Appellant Gail Hambrick*

21

100 Galleria Parkway, Ste. 1600
Atlanta, Georgia 30339-5948
Tel: (770) 818-0000
Fax: (833) 330-3369

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,794 words. This word count was derived in reliance on the word count of the word-processing system (Microsoft Word) used to prepare this document.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally-spaced typeface using Microsoft Word in Times New Roman, 14-point font.

Dated: April 1, 2024.

/s/*P. Michael Freed*
P. Michael Freed
Georgia Bar No. 061128

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification to counsel of record who are:

Andrew Ready Tate
Edward D. Buckley
Buckley Beal LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
atate@buckleybeal.com
edbuckley@buckleybeal.com

*Counsel for Plaintiff*

This 1st day of April 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ P. Michael Freed*
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)